1  JOSHUA S. GOODMAN, ESQUIRE - State Bar #116576
   ZACHARY S. TOLSON, ESQUIRE - State Bar #242824
2  GOODMAN NEUMAN HAMILTON LLP
   One Post Street, Suite 2100
3  San Francisco, California 94104
   Telephone:   (415) 705-0400
4  Facsimile:   (415) 705-0411

5  Attorneys for Defendant
   HOME DEPOT U.S.A., INC. (erroneously sued as THE HOME DEPOT U.S.A., INC.)
6

7                    UNITED STATES DISTRICT COURT

8                    EASTERN DISTRICT OF CALIFORNIA

9  KENNETH PRESBA and KRIS          Case No.
   PRESBA,
10                                   **NOTICE OF REMOVAL OF ACTION**
                        Plaintiff,   **UNDER 28 U.S.C. §§ 1441 AND 1446(b)**
11                                   **BASED ON DIVERSITY OF**
   vs.                               **CITIZENSHIP UNDER 28 U.S.C. § 1332**
12
   THE HOME DEPOT U.S.A., INC.;      **JURY TRIAL DEMANDED**
13 and DOES 1 to 25,

14                        Defendants.

15

16      **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

17          PLEASE TAKE NOTICE that Defendant HOME DEPOT U.S.A., INC.

18 (hereinafter "HOME DEPOT"), by and through its counsel, hereby remove the above-

19 captioned action from the Superior Court of the State of California, in and for the County

20 of El Dorado, to the United States District Court, Eastern District of California, for the

21 reasons described below:

22          1.      HOME DEPOT is a named Defendant in a civil action pending against it in

23 the El Dorado County Superior Court, entitled *Kenneth Presba and Kris Presba vs. The*

24 *Home Depot U.S.A., Inc.*, Case No. 22CV0687.

25          2.      Attached hereto as **Exhibit A** is a true and correct copy of the Complaint.

26 HOME DEPOT U.S.A., INC. timely filed an Answer to the Complaint (See **Exhibit B**),

27 but the Court has not yet returned a conformed copy.

28 ///

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

3.      Venue is proper in this Court because the boundaries of the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. § 84(b) include El Dorado County.

4.      Following the filing of this Notice of Removal of Action, written notice of this filing will be served on counsel for Plaintiff and will be filed with the Clerk of the Superior Court of California for the County of El Dorado, in accordance with 28 U.S.C. § 1446(d).

## JURISDICTION

5.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. This case may be removed to this Court by HOME DEPOT pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446 in that it is a case that could have been commenced in federal court based on diversity of citizenship.

6.      Diversity jurisdiction applies for the following reasons:

a.      At all times relevant to removal jurisdiction, Plaintiffs are and were residents of the State of California.

b.      Both at the time that this action was commenced and at this time, HOME DEPOT was incorporated in Delaware and has its principal place of business in Georgia. HOME DEPOT's corporate offices are located in Atlanta, Georgia, where its finance, accounting, purchasing, treasury, marketing, training, human resources, information systems, internal audit, and legal departments are located, making policy decisions that affect the entire company. "'[P]rincipal place of business' refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities… i.e., the 'nerve center.'" (*Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (U.S., 2010).) "For purposes of removal… the citizenship of defendants sued under fictitious names shall be disregarded." (28 U.S.C. §1441(a).)

c.      Removal becomes viable when the defendant is able to intelligently ascertain that a claim exceeds $75,000. (*Huffman v. Saul Holdings Ltd. Partnership* (1999) 194 F.3d 1072, 1078.) Here, notwithstanding that all damages and liability are

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446(b) BASED ON DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332

disputed, Defendant was served with a Statement of Damages reflecting $250,000 in damages are alleged and in controversy. (See **Exhibit C**.) Accordingly, it is reasonably ascertainable that the amount in controversy in this case exceeds the $75,000 threshold specified in 28 U.S.C. § 1332(a).

7.     Based on the foregoing, the matter is removable pursuant to 28 U.S.C. §§ 1332 and 1446(b).

WHEREFORE, the undersigned requests that the action described above be removed in its entirety to this Court for all further proceedings pursuant to 28 U.S.C. § 1441, et seq.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial of 12 jurors pursuant to Federal Rules of Court, Rule 48.

DATED:  July 14, 2022                    GOODMAN NEUMAN HAMILTON LLP


By:_____
JOSHUA S. GOODMAN
ZACHARY S. TOLSON
Attorneys for Defendant
HOME DEPOT U.S.A., INC.
(erroneously sued as THE HOME
DEPOT U.S.A., INC.)

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

# EXHIBIT A

MAY ·    2

MAY 3 1 2022

**SUMMONS**
*(CITACION JUDICIAL)*

**SUM-100**

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
The Home Depot U.S.A., Inc., and Does 1 to 25

**EL DORADO CO. SUPERIOR CT.**

FILED   APR 2 2 2022

BY ~~Sylett~~
Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Kenneth Presba and Kris Presba

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* El Dorado County Superior Court<br>3321 Cameron Park Drive<br>Cameron Park, CA 95682 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**2 2 C V 0 6 8 7** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
William A. Deitchman, Esq., 6201 Enterprise Drive, Suite E, Diamond Springs, CA 95619.   (530) 626-3050

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 4·22·2022 | Clerk, by<br>*(Secretario)* Sylett | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

| | |
|---|---|
| [SEAL]<br><br>ISSUED | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>Assigned to<br>Judge Dylan Sullivan<br>For all purposes<br>3. ☒ on behalf of *(specify):* The Home Depot U.S.A., Inc.<br>under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)<br>            ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>            ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)<br>            ☐ other *(specify):*<br>4. ☒ by personal delivery on *(date):* 6/14/22 |

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

PLD-PI-001

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>William A. Deitchman, Esq. (SBN 249267)<br>DEITCHMAN & DEITCHMAN<br>6201 Enterprise Drive, Suite E<br>Diamond Springs, CA 95619<br>TELEPHONE NO: (530) 626-3050    FAX NO. *(Optional):* (530) 626-3060<br>E-MAIL ADDRESS *(Optional):* will@deitchmanlaw.com<br>ATTORNEY FOR *(Name):* Plaintiffs, Kenneth Presba and Kris Presba | **FOR COURT USE ONLY**<br><br>EL DORADO CO. SUPERIOR CT.<br><br>FILED APR 22 2022<br><br>BY _____<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF El Dorado
STREET ADDRESS: 3321 Cameron Park Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Cameron Park, CA 95682
BRANCH NAME:

Assigned to
Judge Dylan Sullivan
For all purposes

PLAINTIFF: Kenneth Presba and Kris Presba

DEFENDANT: The Home Depot U.S.A., Inc., and

☑ DOES 1 TO 25

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
    ☐ AMENDED *(Number):*
Type *(check all that apply):*
☐ MOTOR VEHICLE  ☑ OTHER *(specify):* Premise Liability
☐ Property Damage  ☐ Wrongful Death
☑ Personal Injury  ☑ Other Damages *(specify):* See attachments

Jurisdiction *(check all that apply):*
☐ ACTION IS A LIMITED CIVIL CASE
    Amount demanded  ☐ does not exceed $10,000
                ☐ exceeds $10,000, but does not exceed $25,000
☑ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
    ☐ from limited to unlimited
    ☐ from unlimited to limited

CASE NUMBER:

22CV0687

1. Plaintiff *(name or names):* Kenneth Presba and Kris Presba
alleges causes of action against defendant *(name or names):*
The Home Depot U.S.A., Inc., and Does 1 to 25.

2. This pleading, including attachments and exhibits, consists of the following number of pages: Five.

3. Each plaintiff named above is a competent adult
  a. ☐ except plaintiff *(name):*
    (1) ☐ a corporation qualified to do business in California
    (2) ☐ an unincorporated entity *(describe):*
    (3) ☐ a public entity *(describe):*
    (4) ☐ a minor ☐ an adult
        (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
        (b) ☐ other *(specify):*
    (5) ☐ other *(specify):*
  b. ☐ except plaintiff *(name):*
    (1) ☐ a corporation qualified to do business in California
    (2) ☐ an unincorporated entity *(describe):*
    (3) ☐ a public entity *(describe):*
    (4) ☐ a minor ☐ an adult
        (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
        (b) ☐ other *(specify):*
    (5) ☐ other *(specify):*

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| | |
|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>PLD-PI-001 [Rev. January 1, 2007] | **COMPLAINT—Personal Injury, Property**<br>**Damage, Wrongful Death** | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Presba v. The Home Depot U.S.A., Inc., et al. | |

4. ☐ Plaintiff *(name):*

    is doing business under the fictitious name *(specify):*

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

  a. ☑ **except** defendant *(name):* The Home Depot USA
     (1) ☑ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*

  c. ☐ **except** defendant *(name):*
     (1) ☐ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*

  b. ☐ **except** defendant *(name):*
     (1) ☐ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*

  d. ☐ **except** defendant *(name):*
     (1) ☐ a business organization, form unknown
     (2) ☐ a corporation
     (3) ☐ an unincorporated entity *(describe):*

     (4) ☐ a public entity *(describe):*

     (5) ☐ other *(specify):*

  ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
  a. ☑ Doe defendants *(specify Doe numbers):* 1 to 25     were the agents or employees of other named defendants and acted within the scope of that agency or employment.
  b. ☑ Doe defendants *(specify Doe numbers):* 1 to 25     are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
  a. ☑ at least one defendant now resides in its jurisdictional area.
  b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c. ☑ injury to person or damage to personal property occurred in its jurisdictional area.
  d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
  a. ☐ has complied with applicable claims statutes, **or**
  b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Presba v. The Home Depot U.S.A., Inc., et al. | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☑ Premises Liability
   f. ☑ Other *(specify)*:
   
   Negligent inflication of emotional distress. Loss of consortium.

11. Plaintiff has suffered
   a. ☑ wage loss
   b. ☑ loss of use of property
   c. ☑ hospital and medical expenses
   d. ☑ general damage
   e. ☑ property damage
   f. ☑ loss of earning capacity
   g. ☑ other damage *(specify)*:
   
   Any and all economic and non-economic damages as may be proved and for such relief as the court deems just and proper.

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☑ compensatory damages
       (2) ☐ punitive damages
       The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
       (1) ☑ according to proof
       (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: April 20, 2022

William A. Deitchman, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**PLD-PI-001(4)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Presba v. The Home Depot U.S.A., Inc. | 22CV0687 |

First _____
(number)
**CAUSE OF ACTION—Premises Liability**    Page ___4___

ATTACHMENT TO [x] Complaint    [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

**Prem.L-1.Plaintiff** *(name):* Kenneth Presba
_____

alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.

On *(date):* November 21, 2020                 plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury):*

Plaintiff was a customer shopping for Christmas trees at defendants' store located at 600 Placerville Drive, Placerville, CA 95667. Defendants' employee indicated to plaintiff where the trees were located. Plaintiff walked down the aisle and his right foot caught on power cords that were strewn across the floor, causing him to fall and suffer injuries. The open aisle and power cords were a dangerous condition which created an unreasonable and foreseeable risk of harm to the public. Defendants had actual or constructive notice of the dangerous condition. Defendants negligently failed to make reasonable inspection to remedy the condition or give adequate warning.

**Prem.L-2.** [x] **Count One—Negligence** The defendants who negligently owned, maintained, managed and
operated the described premises were *(names):*
The Home Depot U.S.A., Inc. and

[x] Does 1 _____ to 25 _____

**Prem.L-3.** [ ] **Count Two—Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully
or maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names):*

*Assigned to*
*Judge Dylan Sullivan*
*For all purposes*

[ ] Does _____ to _____
Plaintiff, a recreational user, was    [ ] an invited guest    [ ] a paying guest.

**Prem.L-4.** [ ] **Count Three—Dangerous Condition of Public Property** The defendants who owned public property
on which a dangerous condition existed were *(names):*

[ ] Does _____ to _____
a.   [ ] The defendant public entity had    [ ] actual    [ ] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b.   [ ] The condition was created by employees of the defendant public entity.

**Prem.L-5.a.** [x] **Allegations about Other Defendants** The defendants who were the agents and employees of the other
defendants and acted within the scope of the agency were *(names):*
The Home Depot U.S.A., Inc. and

[x] Does 1 _____ to 25 _____
b.   [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b    [ ] as follows *(names):*

*EL DORADO CO. SUPERIOR CT.*
*FILED APR 22 2022*
*BY _____ Deputy*

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California  PLD-
PI-001(4) [Rev. January 1, 2007]
**CAUSE OF ACTION—Premises Liability**
Code of Civil Procedure, § 425.12
www.courts.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.    | **Print this form** |    | **Save this form** |        | **Clear this form** |

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Presba v. The Home Depot U.S.A., Inc. | 22CV0687 |

**ATTACHMENT** *(Number):* 2

*(This Attachment may be used with any Judicial Council form.)*

SECOND CAUSE OF ACTION - Negligent Inflication of Emotional Distress

Plaintiff, Kris Presba alleges that All Named Defendants, and DOES 1 to 25, were the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused damage to plaintiff:

At all times herein mentioned, plaintiff was, and is, the wife of Kenneth Presba. On November 21, 2020, defendants negligently caused injuries to Kenneth Presba. Plaintiff was present at the scene when the injury occurred and was aware that Kenneth Presba was injured in his fall. As a direct and proximate result of the negligent acts of defendants, and each of them, and as a result of the injuries and damages to Kenneth Presba, plaintiff, suffered serious emotional distess, including suffering, anguish, fright, horror, neverousness, grief, anxiety, worry, shock, humiliation and shame, and has thereby sustained damages in an amount to be determined at time of trial.

THIRD CAUSE OF ACTION - Loss of Consortium

Plaintiff, Kris Presba alleges that All Named Defendants, and DOES 1 to 25, were the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused damage to plaintiff:

At all times herein mentioned, plaintiff was, and is, the wife of Kenneth Presba. On November 21, 2020, defendants negligently caused injuries to Kenneth Presba. As a direct and proximate result of the negligent acts of defendants, and each of them, and as a result of the injuries and damages to Kenneth Presba, plaintiff, has been deprived of the love, companionship, comfort, care, assistance, protection, affection, society, solace or moral support, loss of enjoyment of sexual relations, and loss of physical assistance in the operation and maintenance of the home, of her husband, Kenneth Presba, and has thereby sustained, and will continue to sustain damages, in an amount to be determined at time of trial.

EL DORADO CO. SUPERIOR CT.
FILED APR 22 2022
BY _____ Deputy

Assigned to
Judge Dylan Sullivan
For all purposes

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 5 of 5

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

# EXHIBIT B

JOSHUA S. GOODMAN, ESQUIRE - State Bar #116576
ZACHARY S. TOLSON, ESQUIRE - State Bar #242824
GOODMAN NEUMAN HAMILTON LLP
One Post Street, Suite 2100
San Francisco, California 94104
Telephone:    (415) 705-0400
Facsimile:    (415) 705-0411

Attorneys for Defendant
HOME DEPOT U.S.A., INC. (erroneously sued as THE HOME DEPOT U.S.A., INC.)

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF EL DORADO

| | |
|---|---|
| KENNETH PRESBA and KRIS PRESBA,<br><br>                              Plaintiff,<br><br>vs.<br><br>THE HOME DEPOT U.S.A., INC.; and DOES 1 to 25,<br><br>                              Defendants. | Case No. 22CV0687<br><br>**DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO COMPLAINT**<br><br>Assigned for all purposes to Judge Dylan Sullivan<br><br>Action filed: April 22, 2022<br>Trial date: none set |

Defendant, in answer to the Unverified Complaint of Plaintiffs, denies each and every, all and singular, allegations of the Complaint, and denies that Plaintiffs have been injured or damaged in any of the sums mentioned in the Complaint, or in any sum, or at all, as the result of any act or omission of this answering Defendant.

## FIRST AFFIRMATIVE DEFENSE

### Comparative Fault/Negligence of Plaintiff

This answering Defendant alleges that Plaintiffs were themselves careless and negligent in and about the matters alleged in the Complaint, and that this carelessness and negligence on Plaintiffs' own part contributed as a proximate cause to the happening of the incident, the injuries, and loss and damage complained of, and any recovery by Plaintiffs should be reduced or eliminated based upon their comparative fault.

///

///

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-1-

## SECOND AFFIRMATIVE DEFENSE

### Comparative Fault/Negligence of Others

As a separate and further affirmative defense, this answering Defendant alleges that the sole proximate cause of the injuries and damages, if any, allegedly suffered by the Plaintiffs were the negligence and fault of persons or entities other than this answering Defendant, for whose acts or omissions this answering Defendant is not legally or otherwise responsible.

## THIRD AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### Lack of Personal Jurisdiction

As a separate and further affirmative defense, this answering Defendant alleges that as to each and every cause of action alleged in the Complaint, the Court lacks personal jurisdiction over Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### Lack of Subject Matter Jurisdiction

As a separate and further affirmative defense, this answering Defendant alleges that as to each and every cause of action alleged in the Complaint, the Court lacks subject matter jurisdiction over Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### Lack of Capacity

As a separate and further affirmative defense, this answering Defendant alleges that said Complaint contains a defect in the parties whereby Plaintiffs lack capacity to sue for those claims set forth therein.

///

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

## SEVENTH AFFIRMATIVE DEFENSE

### Misjoinder of Parties

As a separate and further affirmative defense, this answering Defendant alleges that said Complaint arises from a misjoinder of named parties whereby Plaintiffs lack the capacity to sue for those claims set forth therein. Such misjoinder will result in prejudice to Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### Failure to Join Necessary Parties

As a separate and further affirmative defense, this answering Defendant alleges that said Plaintiffs failed to join necessary parties whereby in the interest of justice and fairness the action cannot proceed in the absence of the parties that should have been joined.

## NINTH AFFIRMATIVE DEFENSE

### Real Parties in Interest

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiffs are not the real parties in interest, and lack standing to bring the claims set forth therein.

## TENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

As a separate and further affirmative defense, this answering Defendant alleges that at all times and places mentioned in the Complaint, Plaintiffs failed to mitigate their damages. The damages claimed by Plaintiff could have been mitigated by due diligence on their part or by one acting under similar circumstances. Any recovery by Plaintiffs should be reduced or eliminated due to their failure to mitigate their damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### Spoliation of Evidence

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiffs, either intentionally or negligently, failed to preserve the primary evidence

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO COMPLAINT

relevant to this litigation, thus failing to afford this answering Defendant an opportunity to inspect such evidence, thereby severely prejudicing Defendant. Plaintiffs are therefore barred from introducing secondary or lesser evidence, and any recovery should be diminished accordingly.

### TWELFTH AFFIRMATIVE DEFENSE

#### Doctrine of Laches

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiffs have unreasonably delayed in bringing this action to the prejudice of Defendant and this action is therefore barred by reason of the doctrine of laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### Assumption of Risk

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiffs had full knowledge of all the risks, dangerousness and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in their actions and the magnitude of risk involved, assumed the risk of damages to themselves.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### Causation

As a separate and further affirmative defense, this answering Defendant alleges that its conduct was not the cause in fact or the proximate cause of any of the losses alleged by Plaintiffs.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### No Notice of Dangerous Condition

As a separate and further affirmative defense, this answering Defendant alleges that they had no notice, or inadequate notice, of any dangerous conditions that may or may not have existed at the time of the losses alleged by Plaintiffs, such that any preventative measures could have been taken.

///

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-4-

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO COMPLAINT

## SIXTEENTH AFFIRMATIVE DEFENSE

### Statute of Limitations

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint of Plaintiffs are barred by the statute of limitations stated in Part 2, Title 2, Chapter 3, of the California Code of Civil Procedure, beginning with Section 335, and continuing through Section 349.4 and, more particularly, but not limited to, Sections 337, 337.1, 337.15, 337.5, 338, 339, 340 and/or 343.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Workers' Compensation – Exclusive Remedy

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiffs were, at all relevant times, a special employee of Defendant and acting in the course and scope of that special employment, and that this action is therefore barred by the exclusive remedy provisions of the Workers' Compensation Act, as contained in California Labor Code sections 3600, 3601, and 3602.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### Reduction of Workers' Compensation Lien

As a separate and further affirmative defense, this answering Defendant alleges that at all times material herein, the Plaintiffs were in the course and scope of their employment and that Plaintiffs and their employer were subject to the provisions of the Workers' Compensation Act of the State of California; that certain sums have been paid to or on behalf of Plaintiffs herein under the applicable provisions of the Labor Code of the State of California; that Plaintiffs' employer and Plaintiffs' co-employees were negligent and careless and that such negligence and carelessness proximately contributed to and caused the injuries of Plaintiffs, if any; and that under the doctrine of *Witt v. Jackson* such negligence and carelessness should reduce or eliminate any lien claim or claim in a Complaint-In-Intervention which may be made for reimbursement of Workers' Compensation benefits paid to or on behalf of Plaintiffs.

///

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

## NINETEENTH AFFIRMATIVE DEFENSE

### Apportionment

As a separate and further affirmative defense, this answering Defendant alleges that if they are found liable for any injury and damage to Plaintiffs, then said liability, if any, must be limited to this answering Defendant's proportionate share of fault, if any there be, pursuant to Code of Civil Procedure Section 1431.2.

## TWENTIETH AFFIRMATIVE DEFENSE

### Alteration

As a separate and further affirmative defense, this answering Defendant alleges that the subject products/services/work identified in the Complaint were misused, modified, altered and/or subjected to certain treatment by Plaintiffs and/or other unknown individuals or entities which substantially changed the performance, application characteristics, composition and formulation of the subject products after they left this answering Defendant's custody and control.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Compliance with Standards

As a separate and further affirmative defense, this answering Defendant alleges that the methods and procedures they employed in manufacturing, assembling, packaging, distributing, supplying and selling the products and/or services complied with all industry standards, federal, state and local regulations, and applicable states of the art in the industry, at all times mentioned herein.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Reservation of Rights

As a separate and further affirmative defense, this answering Defendant alleges that Defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendant reserves herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

Goodman
Neuman
Hamilton LLP
One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1

## TWENTY-THRID AFFIRMATIVE DEFENSE

2

### Estoppel

3    As a separate and further affirmative defense, this answering Defendant alleges that

4    Plaintiffs have waived and/or are estopped from alleging the matters set forth in the

5    Complaint.

6

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

7

### Discharge of Duties

8    As a separate and further affirmative defense, this answering Defendant alleges

9    that, prior to the commencement of this action, this answering Defendant duly performed,

10    satisfied and discharged all of its duties and obligations arising out of any and all

11    agreements, representations or contracts made by them.

12

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

13

### Trivial Defect

14    As a separate and further affirmative defense, this answering Defendant alleges

15    that the claims asserted in the Complaint are barred by the trivial defect doctrine.

16

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

17

### Statute of Frauds

18    As a separate and further affirmative defense, this answering Defendant alleges that

19    the Complaint and each of cause of action thereof, is barred by the Statute of Frauds.

20

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

21

### Waiver

22    As a separate and further affirmative defense, this answering Defendant alleges that

23    the Complaint and each of cause of action thereof, is barred by Waiver.

24

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

25

### Products Liability - Unforeseeable Use

26    As a separate and further affirmative defense, this answering Defendant alleges that

27    if Plaintiffs sustained injuries attributable to the use of any product of this Defendant,

28    which allegations are expressly denied, the injuries were caused in whole or in part by the

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO COMPLAINT

1  unreasonable, unforeseeable and inappropriate purpose and/or improper use which was

2  made of the product.

### TWENTY-NINETH AFFIRMATIVE DEFENSE

#### Compliance with Standards

As a separate and further affirmative defense, these answering Defendants allege that the methods and procedures employed in manufacturing, assembling, packaging, distributing, supplying and selling the products and/or services complied with all industry standards, federal, state and local regulations, and applicable states of the art in the industry, at all times mentioned herein.

### THIRTIETH AFFIRMATIVE DEFENSE

#### Products Liability - Misuse and Abuse

As a separate and further affirmative defense, this answering Defendant alleges that the damages complained of in the Complaint were caused in whole or in part by the misuse and abuse of the product.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### Warranty – Failure to State Cause of Action

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint and each cause of action thereof, fails to state a cause of action in that Plaintiffs failed to give timely and proper notice of breach of warranty.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

#### Products Liability – Modification, Alteration, and Change

As a separate and further affirmative defense, this answering Defendant alleges that the injuries and damages sustained by Plaintiffs, if any, were solely and legally caused by the modification, alteration or change of the product referred to in the Complaint and said modification, alteration or change was performed by persons or entities other than this answering Defendant and without Defendant's knowledge or consent.

///

///

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO COMPLAINT

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### Unclean Hands

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiffs are barred from recovery by reason of his unclean hands.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### Debt Offset

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiffs' alleged debt should be offset against monies owed by the Plaintiffs to this answering Defendant.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### Proposition 51

As a separate and further affirmative defense, this answering Defendant alleges that if this answering Defendant is found liable for any injury and damage to Plaintiffs, then said liability for non-economic damages to Plaintiff must be limited to this answering Defendant's proportionate share of fault, if any there be, as defined by Cal. Civil Code Section 1431.2, et seq.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### Res Judicata

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiffs' Complaint, and each cause of action thereof, is barred by the doctrine of Res Judicata.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### Collateral Estoppel

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiffs' Complaint, and each cause of action thereof, is barred by the doctrine of Collateral Estoppel.

///

///

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1       WHEREFORE, Defendant prays:

2      1.     Plaintiffs takes nothing against it by their Complaint;

3      2.     Defendant has judgment for its costs of suit; and

4      3.     Such other and further relief as the court deems just and proper.

5  DATED:  July 14, 2022         GOODMAN NEUMAN HAMILTON LLP

By: _____

JOSHUA S. GOODMAN
ZACHARY S. TOLSON
Attorneys for Defendant
HOME DEPOT U.S.A., INC.
(erroneously sued as THE HOME
DEPOT U.S.A., INC.)

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-10-

DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO COMPLAINT

# PROOF OF SERVICE

**CASE NAME:** *Kenneth Presba and Kris Presba vs. The Home Depot U.S.A., Inc.*
**CASE NUMBER:** 22CV0687
**DATE OF SERVICE:** July 14, 2022

**DESCRIPTION OF DOCUMENTS SERVED:**

**DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER TO COMPLAINT**

**SERVED ON THE FOLLOWING:**

William A. Deitchman
DEITCHMAN & DEITCHMAN
6201 Enterprise Drive, Suite E
Diamond Springs, CA 95619
will@deitchmanlaw.com
*Attorneys for Plaintiff*

     I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Goodman Neuman Hamilton LLP, and my business address is One Post Street, Suite 2100, San Francisco, CA 94104. On the date stated above, I served a true copy of the document(s) described above, by:

     ELECTRONIC TRANSMISSION ONLY. Only by electronic submission of the document(s) to the person(s) at the email address(es) listed, pursuant to the parties' agreement to electronic service in this action and Code of Civil Procedure sections 1010.6(a)(4) and (5) and 1010.6(e). Prior to the service hereof, the appropriate electronic service address for counsel being served was confirmed by email. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission of the document(s).

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

_____
Jeffrey Trayner

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

PROOF OF SERVICE

# EXHIBIT C

CIV-050

*- DO NOT FILE WITH THE COURT-*
*-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*   TELEPHONE NO.:<br>William A. Deitchman, Esq. (SBN 249267)<br>DEITCHMAN & DEITCHMAN<br>6201 Enterprise Drive, Suite E<br>Diamond Springs, CA 95619<br>ATTORNEY FOR *(name):*  Plaintiffs, Kenneth Presba and Kris Presba | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  El Dorado
STREET ADDRESS:  3321 Cameron Park Drive
MAILING ADDRESS:
CITY AND ZIP CODE:  Cameron Park, CA 95682
BRANCH NAME:

PLAINTIFF:  Kenneth Presba and Kris Presba
DEFENDANT:  The Home Depot, and Does 1 to 50

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER: |
|---|---|

To *(name of one defendant only):* The Home Depot
Plaintiff *(name of one plaintiff only):* Kenneth Presba
seeks damages in the above-entitled action, as follows:

AMOUNT

**1. General damages**

a. ☑ Pain, suffering, and inconvenience ............................................................ $ 150,000

b. ☑ Emotional distress. ............................................................................. $ 50,000

c. ☐ Loss of consortium ............................................................................. $ _____

d. ☐ Loss of sociey and companionship *(wrongful death actions only)* ....................... $ _____

e. ☐ Other *(specify)* ............................................................................... $ _____

f. ☐ Other *(specify)* ............................................................................... $ _____

g. ☐ Continued on Attachment 1.g.

**2. Special damages**

a. ☑ Medical expenses *(to date)* ................................................................. $ 25,000

b. ☑ Future medical expenses *(present value)* .................................................. $ 25,000

c. ☐ Loss of earnings *(to date)* ................................................................. $ _____

d. ☐ Loss of future earning capacity *(present value)* .......................................... $ _____

e. ☐ Property damage ............................................................................... $ _____

f. ☐ Funeral expenses *(wrongful death actions only)* ........................................... $ _____

g. ☐ Future contributions *(present value) (wrongful death actions only)* ...................... $ _____

h. ☐ Value of personal service, advice, or training *(wrongful death actions only)* ........... $ _____

i. ☐ Other *(specify)* ............................................................................... $ _____

j. ☐ Other *(specify)* ............................................................................... $ _____

k. ☐ Continued on Attachment 2.k.

**3.** ☐ **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)..* $ _____
     when pursuing a judgment in the suit filed against you.

Date:  June 13, 2022

William A. Deitchman, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-050 [Rev. January 1, 2007]

STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

Code of Civil Procedure, §§ 425.11, 425.115
www.courtinfo.ca.gov