UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH PRESBA et al., | No. 2:22–cv–1241–KJN PS |
| Plaintiffs, | PRETRIAL SCHEDULING ORDER |
| v. | |
| THE HOME DEPOT U.S.A., INC.; et al., | |
| Defendants. | |

READ THIS ORDER CAREFULLY. IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY. FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

On August 12, 2022, plaintiffs, Kenneth Presba and Kris Presba, and defendants, the Home Depot U.S.A., Inc., et al, submitted a joint status report (ECF No. 8) to the court. After considering the parties' joint status report, the court issues the following pretrial scheduling order.[1]

///

---

[1] The court has made some modifications to the parties' proposed scheduling deadlines based on the court's own availability and case management needs.

NATURE OF THE CASE

Plaintiffs commenced this action in the Superior Court of the State of California for the County of El Dorado on April 22, 2022, alleging claims of premises liability, negligent infliction of emotional distress, and loss of consortium. Defendants removed this action from state court under diversity jurisdiction on July 14, 2022. Defendants deny any liability and assert various affirmative defenses.

SERVICE OF PROCESS

All named defendants have been served and have appeared. No further service is permitted except with leave of court, good cause having been shown.

JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

All named defendants have answered plaintiffs' complaint. No further joinder of parties or amendments to pleadings are permitted except with leave of court, good cause having been shown.

JURISDICTION/VENUE

Federal jurisdiction and venue are undisputed, and are hereby found to be proper. Further, all parties consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c), and this action was reassigned to the undersigned for all purposes. (See ECF Nos. 4, 6, and 7.)

INITIAL DISCLOSURES

To the extent that the parties have not already done so, the parties shall exchange initial disclosures, as per Rule 26(a)(1)(A) no later than September 12, 2022.

SETTLEMENT CONFERENCE

The parties have stated they are interested in the court's VDRP or a settlement conference before another magistrate judge. When the parties are ready for one or the other, they are to contact the undersigned's courtroom deputy clerk to inquire as to the procedures for a VDRP referral or the availability of another magistrate judge for a settlement conference.

///

///

## DISCOVERY DEADLINES, PROCEDURES FOR DISCOVERY DISPUTES

All non-expert discovery shall be completed[2] by February 10, 2023. Any discovery-related motions must conform to the requirements of the Federal Rules of Civil Procedure and this court's Local Rules, including Local Rule 251. Judge Newman generally hears civil motions on Tuesdays at 9:00 a.m.

Prior to filing any discovery–related motions, the parties are required to meet and confer in good faith in an attempt to resolve their discovery disputes informally and without court intervention. Such meet and confer shall take place in person, or at a minimum, via a telephonic conference. The mere exchange of letters or e-mails alone is not sufficient. As part of their joint statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall also specifically outline: (a) what meet-and-confer efforts were undertaken; (b) when and where such discussions took place; (c) who was present; and (d) how the parties' disputes were narrowed as a result of such discussions. Failure to comply with these requirements may result in summary denial of any discovery motion.

The court strongly encourages the use of informal telephonic discovery conferences with the court in lieu of formal discovery motion practice. The procedures and conditions for requesting and conducting such an informal telephonic discovery conference are outlined in Judge Newman's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on the court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5046/. Additionally, subject to the court's availability, the court will also rule on disputes encountered at oral depositions, so as to avoid such depositions from breaking down. In the course of the deposition, the parties may contact Judge Newman's courtroom deputy clerk at (916) 930-4187 to inquire regarding Judge Newman's availability. However, the parties are cautioned that these informal procedures are not to be abused, and the court may impose appropriate sanctions on an offending party or parties, even in the course of informal discovery conferences.

---

[2] "Completed" means (1) all discovery shall have been conducted so that all depositions have been taken and (2) any disputes related to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with.

EXPERT DISCLOSURES AND DISCOVERY

The parties shall disclose any expert witnesses in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than February 24, 2023, for plaintiffs' expert disclosures and March 24, 2023, for defendants' disclosures.  Any rebuttal expert disclosures shall be made in accordance with the specifications of Federal Rule of Civil Procedure 26(a)(2) no later than April 21, 2023.  Expert disclosures shall be filed with the court and served upon all other parties.  All expert discovery shall be completed (see fn. 2) by July 28, 2023.  The same procedures for fact–discovery disputes applies to expert-discovery disputes.

An expert witness not timely disclosed will not be permitted to testify unless the party offering the witness demonstrates that:  (a) the necessity of the witness could not have been reasonably anticipated at the time that the expert disclosures were due; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly proffered for deposition.  Failure to provide the information required by Federal Rule of Civil Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's testimony or other appropriate sanctions.

LAW AND MOTION

All law and motion, except as to discovery-related matters, shall be completed (i.e. heard) by September 26, 2023.  Counsel and/or parties proceeding without counsel are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar, including, but not limited to, Local Rule 230.  Judge Newman generally hears civil motions on Tuesdays at 9:00 a.m.  This paragraph does not preclude motions for continuances, motions in limine related to trial, temporary restraining orders, or other emergency applications, for which the court may set a special briefing schedule, if necessary or appropriate.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION.  The purpose of law and motion is to narrow and refine the legal issues raised by the case, as well as to dispose of those issues that are susceptible to resolution without trial by pretrial motion.  To accomplish that purpose, the parties need to identify and fully research the issues

presented by the case, then examine those issues in light of the evidence obtained through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above. Conversely, motions in limine are procedural devices designed to address the admissibility of evidence. THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

FINAL PRETRIAL CONFERENCE/TRIAL SETTING

The final pretrial conference and jury trial will take place before the undersigned on Tuesday, October 24, 2023, at 9:00 a.m. As this date approaches, the court will issue additional orders concerning the required pretrial procedures.

The jury trial is tentatively scheduled to commence before the undersigned on Wednesday, November 22, 2023, at 9:00 a.m., in Courtroom No. 25. The first day of trial will be limited to addressing motions in limine, jury instructions, and other preliminary trial matters. Jury selection will commence on Monday, November 27, 2023, at 9:00 a.m.

OBJECTIONS

Any objections to this pretrial scheduling order shall be filed within seven (7) days.

MODIFICATION OF THIS SCHEDULING ORDER

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this order shall not be modified except by leave of court upon a showing of "good cause." See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992). Mere agreement by the parties pursuant to a stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances, constitute good cause.

Dated: August 24, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bh, pres.1241